In the Matter of the ESTATE OF John A. TEINERT, Deceased.

No. 10–07–00297–CV.

Court of Appeals of Texas, Waco.

Jan. 9, 2008.

Laurance Kriegel, Bovina, pro se.

Edwin E. Powell Jr., Atty. At Law, Gatesville, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

PER CURIAM.

Laurance Kriegel, an alleged descendant of John A. Teinert, appeals from the trial court's refusal to appoint him as executor of Teinert's Estate though the will was probated and the estate administered nearly thirty years ago. The Clerk of this Court notified Kriegel by letter dated October 2, 2007 that the appeal was subject to dismissal for want of jurisdiction because it appeared that the trial court did not have jurisdiction to consider his application for appointment as executor and that the appeal may be dismissed unless a response was filed showing grounds for continuing the appeal. Because the Court has not received an adequate response, we will dismiss the appeal.

### Background

Teinert died in 1977. His will was probated in 1978 and there was an independent administration of the estate. The independent executor paid the bills and distributed the assets within approximately one year but never filed an affidavit to close the administration of the Estate. Nor was an order ever entered formally closing the Estate. Kriegel alleges in his application for appointment as executor that all of the mineral interests held by the

Estate were not distributed. Kriegel's complaint apparently concerns a dispute about the percentage of royalty interests held by the various devisees.

At the hearing on Kriegel's application, the trial court advised Kriegel that she would not reopen the Estate and that he should pursue his complaint in a separate legal proceeding. She later signed an order closing the Estate, and Kriegel filed this appeal.

## Applicable Law

■ By statute, a decedent's estate with an independent executor can be closed by the independent executor's filing of an affidavit or by a court order. *See* TEX. PROB. CODE ANN. §§ 151, 152 (Vernon 2003); *Interfirst Bank–Houston, N.A. v. Quintana Petroleum Corp.*, 699 S.W.2d 864, 873 (Tex.App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.). However, these are not the exclusive means to effectuate the closing of the decedent's estate. Therefore, "[s]ince the closing procedures provided by Sections 151 and 152 are not mandatory, the final distribution of an estate's assets after all debts and claims against the estate are paid results in the closing of the estate." *Interfirst Bank-Houston*, 699 S.W.2d at 874.

## Application

■ In response to the Clerk's October 2 notice letter, Kriegel has filed: (1) a "Motion to Review" the October 2 notice letter; (2) a Motion to Add Parties; (3) a Motion for Leave to Amend to Add Parties; (4) a Motion to Order Plains Marketing, L.P. and Pioneer Natural Resources USA, Inc. to Renew Division Orders; (5) an Amended Motion to Add Parties; (6) two volumes of Data to Support the Need to be Appointed Independent Executor;[1]

and (7) a Motion to Set Hearing (to appoint Kriegel as executor and to add defendants).

The only one of these documents arguably responsive to the Clerk's notice letter is the first. In that motion, Kriegel contends that section 154 of the Probate Code authorizes the appointment of an independent executor "to oversee" the Estate and that an "executor has not been appointed previously in this Cause of Action and others have not presented documents for qualification."

However, Kriegel fails to recognize that an independent executor was appointed when Teinert's will was probated and that the Estate closed by operation of law when the independent executor paid the bills and distributed the assets, nearly thirty years ago. *See Interfirst Bank-Houston*, 699 S.W.2d at 874. Therefore, the trial court had no jurisdiction to take any further action with regard to the probate of Teinert's Estate.

■ "If a trial court lacked subject matter jurisdiction, then an appellate court has jurisdiction only to set the judgment aside and dismiss the case." *Tex. Dep't of Pub. Safety v. Styron*, 226 S.W.3d 576, 579 (Tex. App.-Houston [1st Dist.] 2007, no pet.); *accord Gantt v. Gantt*, 208 S.W.3d 27, 31 (Tex.App.-Houston [14th Dist.] 2006, pet. denied); *Aguilar v. Weber*, 72 S.W.3d 729, 731 (Tex.App.-Waco 2002, no pet.).

## Conclusion

Because the trial court had no jurisdiction to take any further action with regard to Teinert's Estate, this Court has jurisdiction only to dismiss the appeal. *See Styron*, 226 S.W.3d at 579; *Gantt*, 208 S.W.3d

---

1. These volumes appear to contain various documents related to two proceedings Kriegel filed with the Railroad Commission in December 2007.

at 31; *Aguilar*, 72 S.W.3d at 731. Accordingly, the appeal is dismissed.

Chief Justice GRAY dissents noting that the appellant's allegation is that all the assets of decedent have not been distributed. I generally agree with the law as stated by the majority, but neither the trial court, nor this Court, has determined that all the assets were distributed unless the trial court made that determination in connection with its recent order closing the estate, an order Kriegel timely appealed to challenge that determination. Thus, I believe that, on the record before us and the allegations made, we must determine if the trial court was correct in determining that all the assets of the estate have been distributed. While the result may be correct, we are simply not in the position to conclude that all the assets of the estate were distributed and that the estate was, therefore, as a matter of law closed, so I must respectfully dissent.