**Opinion issued July 10, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00932-CV

———————————

**JOHN LAWTON, Appellant**

**V.**

**DAVID W. LAWTON, INDIVIDUALLY, AS INDEPENDENT EXECUTOR OF THE ESTATE OF JOSEPH G. LAWTON, DECEASED, AND AS FORMER AGENT FOR JOSEPH G. LAWTON UNDER A POWER OF ATTORNEY, Appellee**

---

**On Appeal from the County Court at Law No. 1**
**Fort Bend County, Texas**
**Trial Court Case No. 09-CPR-021945A**

---

## MEMORANDUM OPINION ON REHEARING[1]

---

[1]     We originally issued our opinion in this appeal on March 6, 2014. Appellee, David W. Lawton, individually, as independent executor of the estate of Joseph G.

John Lawton challenges the portion of the trial court's June 29, 2012 order granting summary judgment against him on his claims asserted in his original petition against David W. Lawton, individually, as independent executor of the estate of Joseph G. Lawton, deceased, and as former agent for Joseph G. Lawton under a power of attorney. In three issues, John contends that the trial court erred in granting summary judgment on his (1) claim for removal of David as executor of the estate, (2) request for a power of attorney accounting, and (3) an award of his attorney's fees. Because we conclude that John's claims in his original petition are moot, we vacate the portion of the trial court's order granting David summary judgment on John's claims asserted in his original petition and we dismiss his original petition.

**Background**

John and David are the only children of Joseph and Joyce Lawton. On October 15, 2003, Joseph executed his will and a statutory durable power of attorney authorizing David to act as his agent for, among other things, estate, trust, and other beneficiary transactions. Joseph died on March 21, 2009.

---

Lawton, deceased, and as former agent for Joseph G. Lawton under a power of attorney, filed a motion for rehearing. We deny the motion for rehearing, withdraw our March 6, 2014 opinion, vacate our judgment, and issue this opinion and the related judgment in their stead. David also filed a request in the alternative for reconsideration en banc. In light of the issuance of this opinion, the request for en banc reconsideration is dismissed as moot. *See Brookshire Bros., Inc. v. Smith*, 176 S.W.3d 30, 40 & n.2 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

On June 8, 2009, Joseph's will was admitted to probate and David was appointed independent executor of Joseph's estate. On August 5, 2009, the court signed an order approving the estate inventory, appraisement, and list of claims as well as David's appointment as independent executor.

On June 6, 2011, John submitted a demand letter for an estate accounting from David pursuant to Probate Code section 149A and, on November 14, 2011, filed an original petition in the trial court seeking to (1) compel an estate accounting and distribution and a power of attorney accounting; (2) remove David as executor; and (3) recover attorneys' fees. David answered on December 21, 2011 and provided John with a verified estate accounting on December 23, 2011.

On March 2, 2012, David filed a motion for summary judgment and response to John's petition. The trial court set the motion for hearing on June 28, 2012.[2] On the morning of the summary judgment hearing, John filed his first amended petition seeking a declaratory judgment and adding a claim for breach of fiduciary duty premised on numerous grounds. John did not file a motion for leave to file his amended petition but orally requested leave at the hearing. On June 29, 2012, the trial court signed an order granting David's summary judgment motion,

---

[2] After John filed a motion requesting a status conference on March 5, 2012, the trial court canceled all motion settings (including the original March 26, 2012 hearing date on David's summary judgment motion) and scheduled a status conference for March 26, 2012, at which time the trial court re-set the summary judgment motion for hearing on June 28, 2012.

denying and dismissing with prejudice John's original petition, and dismissing John's amended petition for failure to comply with Texas Rule of Civil Procedure 63.

On July 11, 2012, David filed a closing affidavit to terminate the administration of Joseph's estate. On August 10, 2012, John filed an objection to the closing affidavit and, on July 31, 2012, he filed a motion for new trial. On September 4, 2012, the trial court signed orders overruling John's objection to the closing affidavit and denying his motion for new trial. On September, 19, 2012, John timely filed this appeal.

## Discussion

John contests the trial court's order granting summary judgment on (1) his claim for removal of David as the executor of the estate, (2) the request for a power of attorney accounting, and (3) an award of his attorneys' fees. David contends that John's issues are moot because the estate is closed and John did not appeal the closing of the estate, thus depriving the trial court of jurisdiction. He also asserts that the trial court properly granted summary judgment on all of John's claims.

## Jurisdiction

Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *See Tex. Natural Res. Conservation Comm'n v. IT Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Although courts generally do not lose subject

matter jurisdiction once it attaches, a probate court is a specialized court that can lose jurisdiction over matters incident to an estate if it loses jurisdiction over the probate matters. *See Goodman v. Summit at West Rim, Ltd.*, 952 S.W.2d 930, 933 (Tex. App.—Austin 1997, no pet.). In other words, once an estate closes, incident claims are pendent or ancillary to nothing, and the probate court loses jurisdiction. *Id.*; *see also Schuld v. Dembrinski*, 12 S.W.3d 485, 487 (Tex. App.—Dallas 2000, no pet.) ("the pendency of a probate proceeding is a requisite for a court's exercise of jurisdiction over matters related to it"); *Garza v. Rodriguez*, 18 S.W.3d 694, 698 (Tex. App.—San Antonio 2000, no pet.) ("before a matter can be regarded as incident to an estate ... a probate proceeding must actually be pending").

The record reflects that the trial court granted David's summary judgment motion on June 29, 2012. On July 11, 2012, David filed a Notice of Filing of Closing Affidavit and Closing Affidavit pursuant to Probate Code section 151.[3] On August 10, 2012, John filed an Objection to Closing Affidavit, which was overruled by written order on September 4, 2012.

Probate Code section 151 provides, in relevant part, as follows:

**§ 151.  Closing Independent Administration by Closing Report or Notice of Closing Report.**

---

[3] We note that section 151 of the Probate Code has been repealed and recodified, effective January 1, 2014, as section 405.004 of the Estates Code. *See* TEX. ESTATES CODE ANN. § 405.004 (West 2013).

(a) Filing of Closing Report or Notice of Closing Estate.  When all of the debts known to exist against the estate have been paid, or when they have been paid so far as the assets in the hands of the independent executor permit, when there is no pending litigation, and when the independent executor has distributed to the persons entitled thereto all assets of the estate, if any, remaining after payment of debts, the independent executor may file with the court a closing report or a notice of closing of the estate.

. . . .

(c) Effect of Filing Closing Report or Notice of Closing Estate.  (1) The *independent administration of an estate is considered closed 30 days after the date of the filing of a closing report* or notice of closing estate *unless* an interested person files an objection with the court within that time.  If *an interested person files an objection within the 30-day period*, the independent administration of the estate is closed when the objection has been disposed of or the court signs an order closing the estate.

TEX. PROB. CODE ANN. § 151(a), (c) (West Supp. 2013) (emphasis added).[4]

David argues that the estate is closed and that because John did not appeal the closing, the trial court lost jurisdiction over the estate and John's appeal is now moot.  John argues that David could not unilaterally close the estate under section 151 because there was pending litigation at the time David filed his closing affidavit.  Specifically, John contends that although the trial court had already signed a final order granting summary judgment to David, denying his original

---

[4]     The amendment in section 151(c) (formerly section 151(b)) applies to closing reports or notices of closing estate filed on or after the effective date of the Act (i.e., September 1, 2011).  *See* Act of September 1, 2011, 82nd Leg., R.S., ch. 1338, § 1.26, 2011 Tex. Gen. Laws 3882, 3898.  David's closing affidavit was filed on July 11, 2012.

petition, and dismissing his amended petition as untimely, the trial court retained plenary power to change its judgment at the time David filed his closing affidavit. Further, as John points out, his notice of appeal was timely filed and, therefore, as litigation was still pending when John filed his closing affidavit, the estate did not close.

Probate Code section 151 addresses both when an independent executor may file a closing report with the court to terminate administration of an estate, and the effect of such a filing. *See* TEX. PROB. CODE ANN. § 151.[5] Subsection (a) provides that an independent executor may file a closing report when the debts of the estate have been paid (or paid to the extent possible), there is no pending litigation, and the independent executor has distributed any remaining assets to those entitled to receive them. *See id.* at § 151(a). Section 151(c) addresses the *effect* of such a filing, *see id*. at § 151(c), and specifically provides that an estate "is considered closed 30 days after the date of the filing of a closing report . . . unless an interested person files an objection with the court within that time." *Id.* If an objection is filed within the thirty-day period, "the estate is closed when the objection has been disposed of . . . ." *Id.* Here, while John filed an objection to the

---

[5] We note that section 151(a) is not mandatory ("the independent executor *may* file with the court a closing report or a notice of closing of the estate . . . .") (emphasis added) and that there are other actions which may effectively close an estate. *See In re Estate of Teinert,* 251 S.W.3d 66, 67 (Tex. App.—Waco 2008, pet. denied) (noting that final distribution of estate's assets after all debts and claims against estate are paid results in closing of estate). *See id.* at 67 (citation omitted).

closing affidavit within the thirty-day period, the trial court overruled his objection on September 4, 2012. Thus, notwithstanding whether David should have filed a closing affidavit under subsection (a), the language of subsection (c) makes clear that doing so closed the estate when the court disposed of John's objection.

Further, we note that John's argument that litigation was pending when the closing affidavit was filed, thus precluding the closure, was not preserved for our review. Although his objection to the closing affidavit alleged that litigation was still pending and the filing of a closing affidavit under section 151 was, therefore, improper, he never appealed the closing of the estate to this court. John's notice of appeal states that he is appealing

> from the final judgment, and from the overruling of his post-trial motion, in Cause No. 09-CPR-021945-A, *The Estate of Joseph G. Lawton, Deceased v. David W. Lawton, Individually, and As Independent Executor of the Estate of Joseph G. Lawton, Deceased and As Former Agent for Joseph G. Lawton Under A Power of Attorney*, in the County Court at Law No. One (1) of Fort Bend County, Texas. The trial court signed a Final Judgment on June 29, 2012, (Order Denying John Lawton's Petition and Granting Executor's Motion for Summary Judgment)."

Neither John's notice nor his appellate brief speak to an appeal of the estate's closing or the overruling of his objection to the closing affidavit.[6] As such, the issue of whether the filing of the closing affidavit was proper is not before us.

---

[6] Further, the administration of the estate—including the closing affidavit, John's objection, and the order overruling John's objection—is Cause No. 09-CPR-021945.

8

Having concluded that the estate is closed, we consider which of John's claims, if any, survive on appeal. John's first issue concerns the trial court's denial of his motion to remove David as executor. In *In re Estate of Hanau*, 806 S.W.2d 900 (Tex. App.—Corpus Christi 1991, writ denied), the court of appeals noted that the "trial court has power to hear all matters incident to an estate only in those instances where a probate proceeding, such as the administration of an estate, is actually pending in the court in which the suit is filed, relating to a matter incident to that estate." *Id.* at 904. The court concluded that once the estate had closed, the trial court lost jurisdiction to remove the executrix and appoint a successor independent executor, and that these issues had become moot. *See id.* Thus, under *Hanau*, John's issue concerning the removal of David as executor of the estate under Probate Code section 149C(a) is moot. Moreover, John concedes that if the estate is closed, his claim seeking to remove David as executor is moot.

John's second issue challenges the trial court's denial of his claim for attorney's fees. In his original petition, John sought attorney's fees under Probate Code section 149C(d), which recites that "[c]osts and expenses incurred by the party seeking removal incident to removal of an independent executor . . . including reasonable attorney's fees and expenses, may be paid out of the estate." TEX. PROB. CODE ANN. § 149C(d) (West 2013). However, because we concluded that John's claim for removal of David as executor was rendered moot by the

9

closing of the estate, it follows that his claim for recovery of attorney's fees incident to removal is likewise moot. *See id.*

Further, John's reliance on *Allstate Insurance Co. v. Hallman*, 159 S.W.3d 640 (Tex. 2005) is misplaced.[7] In addition to the fact that *Hallman* did not involve a probate case or a claim for attorney's fees under section 149C, the trial court in that case retained jurisdiction over the matter giving rise to the attorney's fees claim. *See id.* at 642. Here, in contrast, the closure of the estate deprived the trial court of jurisdiction over the estate. Thus, we conclude that John's claim for attorney's fees incurred under Probate Code section 149C(d) is moot.

---

[7] In *Hallman*, neighboring property owners sued Hallman for damages related to limestone mining on her property. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 641 (Tex. 2005). Hallman sought coverage under her homeowners' insurance policy with Allstate Insurance Company, requesting that Allstate defend and indemnify her in the lawsuit. *See id.* Allstate and Hallman both sought a declaratory judgment to determine whether the policy covered the underlying litigation. *See id.* The trial court granted summary judgment in Allstate's favor but the court of appeals reversed the trial court's judgment and remanded for further proceedings, holding that Allstate had a duty to defend and indemnify Hallman in the limestone mining litigation. *See Hallman v. Allstate Ins. Co.*, 114 S.W.3d 656 (Tex. App.—Dallas 2003), *rev'd*, 159 S.W.3d 640 (Tex. 2005).

While the declaratory judgment action was on appeal to the Texas Supreme Court, the underlying lawsuit between Hallman and her neighbors concluded with a jury verdict in Hallman's favor. *See Hallman*, 159 S.W.3d at 642. In considering whether resolution of the underlying litigation mooted the case, the Court concluded that Hallman's remaining interest in obtaining attorney's fees for expenses incurred in defending against Allstate's declaratory judgment action and in pursuing her own declaratory relief prevented the case from being moot. *See id.* at 643. The Court ultimately reversed and rendered judgment for Allstate, concluding that damages to third parties caused by commercial limestone mining conducted on an insured's property fell within the policy's business pursuits exclusion. *See id.* at 641.

10

John's third issue concerns his request for an accounting under Probate Code section 149B for the time period during which David held power of attorney for the estate. As a beneficiary, John contends that he could assert this right on behalf of the estate because David refused to do so. But because John's authority to request such an accounting derives from his relationship to the estate as a beneficiary, once closed, the estate ceases as an entity, as does any authority John had derivative from or on behalf of the estate.

Nevertheless, John contends that the estate need not be open for him to pursue his request for a power of attorney accounting because section 151 provides that David can still be held liable for any wrongdoing revealed by the accounting. *See* TEX. PROB. CODE ANN. § 151(c)(2) (stating that closing of estate "shall not relieve the independent executor from liability for any mismanagement of the estate or from liability for any false statements contained in the report or notice."). In his appellate brief, John states that he "seeks an accounting of David's power of attorney as part of a *potential* breach of fiduciary duty claim by the estate against David" (emphasis added). We agree that under section 151(c)(2) the closing of the estate does not foreclose John from potentially pursuing a breach of fiduciary duty claim against David that alleges mismanagement of the estate. However, as discussed above, because John seeks a power of attorney accounting through the

11

estate and the estate is closed, such a request made pursuant to section 149B is moot.

## Conclusion

Having concluded that John's claims asserted in his original petition are moot, we vacate the portion of the trial court's order granting David summary judgment on John's claims asserted in his original petition and we dismiss John's original petition.



Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.