ACCEPTED
01-15-00193-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/8/2015 3:32:00 PM
CHRISTOPHER PRINE
CLERK

## No. 01-15-00193-CV

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/8/2015 3:32:00 PM

CHRISTOPHER A. PRINE
Clerk

# JOHN LAWTON,
### *Appellant,*

### v.

# DAVID W. LAWTON,
### *Appellee.*

On Appeal from the County Court at Law No. 1, Fort Bend County, Texas,
Trial Court Cause No. 14-CCV-053769

## BRIEF OF APPELLANT

**ANDERSON PFEIFFER, PC**
   Esther Anderson
   State Bar No. 00792332
   esther@probateguardianship.com
845 FM 517 West, Suite 200
Dickinson, TX 77539
(281) 488-6535
(281) 614-5205 (Fax)

**BECK REDDEN LLP**
   Constance H. Pfeiffer
   State Bar No. 24046627
   cpfeiffer@beckredden.com
   William Peterson
   State Bar No. 24065901
   wpeterson@beckredden.com
   1221 McKinney, Suite 4500
Houston, TX 77010
(713) 951-3700
(713) 951-3720 (Fax)

**COUNSEL FOR APPELLANT JOHN LAWTON**

*Oral Argument Requested*

## IDENTITY OF PARTIES AND COUNSEL

**Appellant:**    John Lawton

**Appellate Counsel for Appellant:**    Constance H. Pfeiffer
William R. Peterson
BECK REDDEN LLP
1221 McKinney Street, Suite 4500
Houston, TX 77010
(713) 951-3700
(713) 951-3720 (Fax)

Esther Anderson
ANDERSON PFEIFFER, P.C.
845 FM 517 West, Suite 200
Dickinson, TX 77539
(281) 488-6535
(281) 614-5205 (Fax)

**Trial Counsel for Appellant:**    Esther Anderson
ANDERSON PFEIFFER, P.C.
845 FM 517 West, Suite 200
Dickinson, TX 77539
(281) 488-6535
(281) 614-5205 (Fax)

**Appellee:**    David W. Lawton

**Counsel for Appellee:**    N. Kimberly Hoesl
J. B. (Trey) Henderson III
DOYLE, RESTREPO, HARVIN
  & ROBBINS, L.L.P.
440 Louisiana Street, Suite 2300
Houston, TX 77002
(713) 228-5100
(713) 228-6138 (Fax)

**Trial Court:**    County Court at Law No. 1 of Fort Bend
County, Texas
Hon. Ben W. "Bud" Childers, Presiding

# TABLE OF CONTENTS

**PAGE**

Identity of Parties and Counsel ...................................................................i

Table of Contents ...................................................................................... ii

Index of Authorities ..................................................................................v

Statement of the Case...............................................................................x

Statement Regarding Oral Argument ........................................................xi

Issues Presented ..................................................................................... xii

Introduction..............................................................................................1

Statement of Facts ....................................................................................2

Standard of Review....................................................................................12

Summary of the Argument.........................................................................13

Argument...................................................................................................15

    I.       Closing the Estate Administration Did Not Have the Effect of Claim Preclusion...........................................................15

          A.     The trial court's order overruling John's objections to closing the estate does not have the effect of claim preclusion. ................................................................16

              1.    Under the plain text of the Estates Code, closing an independent estate does not relieve the independent executor from liability.........................17

              2.    Closing the independent estate administration was "purely administrative" and not a final judgment on any merits. .................................19

3.  *Res judicata* cannot apply because no "claims" were filed in the Estate Administration Cause. ..............22

4.  Because John's current claims were not compulsory counterclaims in the Estate Administration Cause, *res judicata* does not preclude them..................................................................23

B.  *Res judicata* does not apply because John's previous claims were separated from the Estate Administration Cause. ..................................................................27

C.  David's arguments are unavailing. ..........................................28

1.  David's *res judicata* argument rested on the false premise that John filed claims in the Estate Administration Cause. ..........................................28

2.  David's arguments concerning the power of attorney accounting are unavailing...............................30

II.  The Trial Court Erred in Awarding Attorney's Fees. .........................31

A.  John's declaratory judgment was merely incidental to his other claims and not a legal basis for attorney's fees. ..................................................................32

B.  The trial court erroneously denied John a jury determination of whether David's fees were "reasonable and necessary."......................................................35

C.  David's Application for Fees never argued—and the trial court never found—that the award of fees was "equitable and just."..................................................37

Conclusion and Prayer .................................................................................39

Certificate of Service ..................................................................................41

Certificate of Compliance ...........................................................................42

iii

APPENDIX TABS

Final Judgment ..................................................................................Tab A

Order Overruling Objections to Closing Affidavit in
Cause No. 09-CPR-021945 ..............................................................Tab B

Opinion and Mandate of the First Court of Appeals,
No. 01-12-00932-CV ........................................................................Tab C

iv

# INDEX OF AUTHORITIES

**CASE**                                                                   **PAGE(S)**

*Alcorn v. Vaksman*,
877 S.W.2d 390 (Tex. App.—Houston
[1st Dist.] 1994, writ denied) ...............................................................15

*American Tobacco Co. v. Grinnell*,
951 S.W.2d 420 (Tex. 1997) ................................................................12

*AmeriPath, Inc. v. Hebert*,
447 S.W.3d 319 (Tex. App.—Dallas
2014, pet. denied) ................................................................................31

*Amstadt v. U.S. Brass Corp.*,
919 S.W.2d 644 (Tex. 1996) ................................................................15

*Barr v. Resolution Trust Corp.*,
837 S.W.2d 627 (Tex. 1992) ...........................................................15, 22

*Barshop v. Medina County Underground Water Conservation Dist.*,
925 S.W.2d 618 (Tex. 1996) ................................................................31

*Bocquet v. Herring*,
972 S.W.2d 19 (Tex. 1998) .............................................................36, 37

*Bowers v. Taylor*,
263 S.W.3d 260 (Tex. App.—Houston
[1st Dist.] 2007, no pet.) ......................................................................31

*Burke v. Satterfield*,
525 S.W.2d 950 (Tex. 1975) ........................................................20, 24, 25

*C/S Solutions, Inc. v. Energy Maint. Services Group LLC*,
274 S.W.3d 299 (Tex. App.—Houston
[1st Dist.] 2008, no pet.) ......................................................................18

*Chandler v. Welborn*,
294 S.W.2d 801 (Tex. 1956) ...........................................................4, 26

*City of Houston v. Soriano*,
   No. 14-05-00161-CV, 2006 WL 2506388
   (Tex. App.—Houston [14th Dist.]
   Aug. 29, 2006, pet. denied)...............................................................................38

*Danciger Oil & Ref. Co. of Texas v. R.R. Comm'n of Texas*,
   122 Tex. 243 (1933)............................................................................................9

*De Ayala v. Mackie*,
   193 S.W.3d 575 (Tex. 2006) ..............................................................................3

*Devon Energy Prod. Co., L.P. v. KCS Res., LLC*,
   450 S.W.3d 203 (Tex. App.—Houston
   [14th Dist.] 2014, pet. denied) ...................................................................34, 35

*In re Estate of Canales*,
   837 S.W.2d 662 (Tex. App.—San Antonio
   1992, no writ).....................................................................................................20

*Etan Indus., Inc. v. Lehmann*,
   359 S.W.3d 620 (Tex. 2011) ........................................................................14, 32

*Ford Motor Co. v. Chacon*,
   370 S.W.3d 359 (Tex. 2012) .............................................................................38

*Garcia v. Shell Oil Co.*,
   355 S.W.3d 768 (Tex. App.—Houston
   [1st Dist.] 2011, no pet.) ....................................................................................12

*Hageman/Fritz, Byrne, Head & Harrison, L.L.P. v. Luth*,
   150 S.W.3d 617 (Tex. App.—Austin
   2004, no pet.) .....................................................................................................32

*Hartford Cas. Ins. Co. v. Budget Rent-A-Car Sys., Inc.*,
   796 S.W.2d 763 (Tex. App.—Dallas
   1990, writ denied)...............................................................................................33

*Heckman v. Williamson County*,
   369 S.W.3d 137 (Tex. 2012) ................................................................................7

*Henderson v. Shanks*,
   449 S.W.3d 834 (Tex. App.—Houston
   [14th Dist.] 2014, pet. denied),
   *petition for cert. filed* ...................................................................................3

*Houtex Ready Mix Concrete & Materials v. Eagle Const. & Envtl.*
   *Services, L.P.*,
   226 S.W.3d 514 (Tex. App.—Houston
   [1st Dist.] 2006, no pet.) .............................................................................15

*Ingersoll-Rand Co. v. Valero Energy Corp.*,
   997 S.W.2d 203 (Tex. 1999) .................................................................23, 24

*Jackson v. State Office of Admin. Hearings*,
   351 S.W.3d 290 (Tex. 2011) ........................................................................32

*John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*,
   90 S.W.3d 268 (Tex. 2002).........................................................................32

*Kenneth Leventhal & Co. v. Reeves*,
   978 S.W.2d 253 (Tex. App.—Houston
   [14th Dist.] 1998, no pet.).....................................................................34, 35

*Knighton v. Int'l Bus. Machines Corp.*,
   856 S.W.2d 206 (Tex. App.—Houston
   [1st Dist.] 1993, writ denied).......................................................................33

*Marshall v. Hous. Auth. of City of San Antonio*,
   198 S.W.3d 782 (Tex. 2006) ..........................................................................9

*Mayhew v. Dealey*,
   143 S.W.3d 356 (Tex. App.—Dallas
   2004, pet. denied).........................................................................................26

*McConnell v. Southside Indep. Sch. Dist.*,
   858 S.W.2d 337 (Tex. 1993) .............................................................12, 23, 37

*Mower v. Boyer*,
   811 S.W.2d 560 (Tex. 1991) ........................................................................21

*Nall v. Plunkett*,
   404 S.W.3d 552 (Tex. 2013) ........................................................................12

*Nixon v. Mr. Property Management Co.*,
690 S.W.2d 546 (Tex. 1985) ...............................................................12

*Petrello v. Prucka*,
415 S.W.3d 420 (Tex. App.—Houston
[1st Dist.] 2013, no pet.) ....................................................................36

*Rhone Poulenc, Inc. v. Steel*,
997 S.W.2d 217 (Tex. 1999) ...............................................................12

*Scurlock Oil Co. v. Smithwick*,
724 S.W.2d 1 (Tex. 1986).....................................................................15

*In re Serv. Corp. Intern.*,
355 S.W.3d 655 (Tex. 2011) ...............................................................38

*Standlee v. Buechler*,
No. 05-92-00466-CV, 1993 WL 155875
(Tex. App.—Dallas May 14, 1993, no writ) ......................................21

*Sw. Guar. Trust Co. v. Hardy Rd. 13.4 Joint Venture*,
981 S.W.2d 951 (Tex. App.—Houston
[1st Dist.] 1998, pet. denied)................................................................32

*Trevino v. American Nat'l Ins. Co.*,
168 S.W.2d 656 (Tex. 1943) ...............................................................36

*Universal Printing Co. v. Premier Victorian Homes, Inc.*,
73 S.W.3d 283 (Tex. App.—Houston
[1st Dist.] 2001, pet. denied)................................................................33

*Van Dyke v. Boswell, O'Toole, Davis & Pickering*,
697 S.W.2d 381 (Tex. 1985) .........................................13, 16, 27, 28

*WaiWai, LLC v. Alvarado*,
No. 03-13-00540-CV, 2014 WL 6844934
(Tex. App.—Austin Nov. 26, 2014, no pet.) ......................................31

*Whiteside v. Griffis & Griffis, P.C.*,
902 S.W.2d 739 (Tex. App.—Austin
1995, writ denied) ...............................................................................34

**RULES & STATUTES**

TEX. CIV. PRAC. & REM. CODE § 37.009................................................................14, 37

TEX. ESTATES CODE
   § 256.052...........................................................................................................2
   § 32.001............................................................................................................21
   § 32.001(d).........................................................................................................3
   § 405.003(a)......................................................................................................18
   § 405.005..........................................................................................................20
   § 405.007(b)..............................................................................................*passim*

TEX. PROB. CODE
   § 149C(a)(2).......................................................................................................4
   § 149C(a)(3).......................................................................................................4
   § 149E..............................................................................................................18
   § 151(a)...................................................................................................6, 19, 20
   § 151(b)...................................................................................................6, 17, 20
   § 151(b)(1) ......................................................................................................xii
   § 489B(i)............................................................................................................4

TEX. R. CIV. P.
   63........................................................................................................................5
   166a(c) .............................................................................................................12

**OTHER AUTHORITIES**

28 Tex. Jur. 3d Decedents' Estates § 121 (2015) ........................................................3

17 Tex. Prac., Prob. & Decedents' Estates § 512 (2014) .....................................19, 20

18 Tex. Prac., Prob. & Decedents' Estates § 621 (2014) ...........................................3

Restatement (Second) of Judgments
   § 20..................................................................................................................18
   § 28, cmt. a.........................................................................................................9
   § 30..................................................................................................................21
   § 36..................................................................................................................26

## STATEMENT OF THE CASE

*Nature of the Case*

Plaintiff John Lawton alleges that Defendant David Lawton breached his fiduciary duties as independent executor of their father's estate. Most significantly, because of a conflict of interest, David failed to pursue the estate's principal asset: its claim against David for breaching his fiduciary duty when exercising a power of attorney.

John sued David for breach of fiduciary duty and also sought a declaratory judgment.

*Trial Court*

County Court at Law No. 1 of Fort Bend County, Texas
Hon. Ben W. "Bud" Childers, Presiding

*Disposition Below*

The trial court granted summary judgment for David based on *res judicata*. **Tab A.**

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant requests the opportunity to present oral argument, which will assist the Court in understanding the complex procedural history.

## ISSUES PRESENTED

1.     John Lawton sued David Lawton, his brother, for breach of fiduciary duty based on David's mismanagement of their father's estate.  Under Texas law, an independent executor may close an estate by affidavit, but the filing of such an affidavit does "not relieve the independent executor from liability for any mismanagement of the estate."  TEX. ESTATES CODE § 405.007(b); TEX. PROB. CODE § 151(b)(1) (same).

Did closing the estate by affidavit relieve David from liability for mismanagement of the estate under principles of *res judicata*?

2.     John pleaded a claim for a declaratory judgment that was merely incidental to his other claims against David.  After refusing to grant declaratory relief for John, the trial court nevertheless awarded attorney's fees to David.

Can the attorney's fee award be upheld when:

a.     a declaratory judgment claim that is merely incidental to other claims does not provide a legal basis for a fee award; and

b.     the trial court denied John his right to a jury determination of whether the attorney's fees were reasonable and necessary (an issue on which David did not seek summary judgment); and

c.     the trial court never found that the fees award were equitable and just?

## INTRODUCTION

All the claims in this lawsuit were disposed of by summary judgment based on *res judicata*. Thus, the judgment can only be affirmed if the summary judgment movant (Appellee) conclusively established the elements of *res judicata*—*i.e.*, that a prior final judgment on the merits between the same parties disposed of the same claims brought in this lawsuit, or that the claims in this lawsuit were required to have been brought in a prior suit that has reached a final judgment on the merits.

The great tragedy of this case is that the plaintiff has never been able to get a final merits judgment at all. The plaintiff brought a prior similar suit, albeit in a different capacity, but the judgment in that suit was ultimately vacated.

Instead of relying on the vacated judgment, the defendant claims that an order closing an independent estate provides the basis for *res judicata*. But the Estates Code forecloses this argument: closing an estate will "not relieve the independent executor from liability for any mismanagement." TEX. ESTATES CODE § 405.007(b). The claims in this case, brought against an independent executor for mismanagement of the estate, cannot be barred simply because the estate is closed. Further, closing the estate disposed of no claims, and no claims were required to be brought in that purely administrative proceeding.

Despite years of litigation, the plaintiff has never even been able to get discovery, much less a final judgment on the merits. He has been blocked at every turn by misguided procedural arguments. *Res judicata* is the most unsound of all.

## STATEMENT OF FACTS

John Lawton believes that his older brother, David Lawton, first abused his power of attorney to squander their father's assets and then exploited his position as independent executor to conceal this wrongdoing. CR12-13.

John sued David for breaching his fiduciary duty as independent executor of their father's estate. CR13-18.

Because the trial court granted summary judgment in this case based on *res judicata*, it is necessary to explain the procedural history of earlier proceedings between the brothers. The earlier proceedings took place in two separate actions, under two separate cause numbers:

- Cause No. 09-CPR-02145 ("Estate Administration") involved David's independent administration and closure of his father's estate. No claims of any sort were filed in this cause.

- Cause No. 09-CPR-02145-A ("Estate Claims") involved claims asserted by John against David.

### The Estate Administration (Cause No. 09-CPR-021945)

David initiated probate of his father's estate in County Court of Law No. 1 of Fort Bend, County, where the case was docketed as Cause No. 09-CPR-021945. David filed an application for probate of his father's will and for appointment as independent executor of his father's estate. *See* TEX. ESTATES CODE § 256.052 (discussing applications for probate of wills).

2

Administration of an estate is not a traditional lawsuit. It is not initiated by a petition asserting claims, and beneficiaries of the will do not file "answers." Rather, administration of an estate is an *in rem* proceeding. *See* 28 Tex. Jur. 3d Decedents' Estates § 121 (2015) (citing TEX. ESTATES CODE § 32.001(d)). The purposes of administration "are the collection and preservation of the assets of the estate, the payment of debts, and the distribution of the residue to the persons entitled to receive it." 18 Tex. Prac., Prob. & Decedents' Estates § 621 (2014).

Neither John nor David ever filed any affirmative claims for relief against the other in the Estate Administration.

### *John Sues on Behalf of the Estate in the Estate Claims Cause*

When David refused to provide the accounting of the estate that John was entitled to by statute, John sued David in Cause No. 09-CPR-021945-A.[1] *See* CR91. John asked for several forms of relief, including:

- An accounting of the estate;

- Removal of David as independent executor; and

- An accounting of David's power of attorney.

CR92-94.

---

[1] This is not uncommon in probate proceedings. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (suggesting severance to avoid the difficulties of multiple final judgments in probate proceedings); *Henderson v. Shanks*, 449 S.W.3d 834, 841 (Tex. App.—Houston [14th Dist.] 2014, pet. denied), *petition for cert. filed* (No. 14-1321) (explaining that under the Harris County local rules, "ancillary [probate] matters have a separate file and are given a different cause number from the core matter to which they relate"). David never objected to (or appealed from) John's claims being filed as a separate cause.

There were multiple grounds to remove David as independent executor. CR93. The first was that "sufficient grounds appear to support belief that the independent executor has misapplied or embezzled, or that the independent executor is about to misapply or embezzle, all or any part of the property committed to the independent executor's care." TEX. PROB. CODE § 149C(a)(2). The second was David's "fail[ure] to make an accounting which [was] required by law to be made." TEX. PROB. CODE § 149C(a)(3).

After their father died, the right to request an accounting of the power of attorney became vested in his estate. TEX. PROB. CODE § 489B(i). Because of David's obvious conflict of interest, John (as a beneficiary of the estate) could assert the estate's rights to this accounting. *E.g.*, *Chandler v. Welborn*, 294 S.W.2d 801, 806 (Tex. 1956).

The Estate Claims lawsuit's caption makes clear that John sued on behalf of the estate:



CR91.

John expected this lawsuit to proceed in the usual fashion: written discovery, depositions, and eventually trial. He could not have been more mistaken.

### *David Seeks Summary Judgment in the Estate Claims Cause*

David provided an overdue accounting of the estate, then moved for traditional summary judgment. CR234.

John responded to the motion and also filed an amended petition asserting additional claims against David. CR97.

The probate court then granted all of David's requested relief. On David's motion, the court dismissed John's amended petition as untimely. *See* CR115 ("dismissed for failure to comply with TEX. R. CIV. P. 63"). The probate court then granted David's motion for summary judgment and ordered that John's original petition be "dismissed with prejudice in its entirely." CR115.

John filed a motion for a new trial and appealed. CR233.

### *David Files a Closing Affidavit in the Estate Administration Cause*

After the grant of summary judgment in the Estate Claims Cause (No. 09-CPR-021945-A), David then filed an affidavit to close the independent administration of the estate in the Estate Administration Cause (No. 09-CPR-021945). CR116. The effect of this affidavit was to "terminate the independent administration and the power and authority of the independent executor, but [it]

shall not relieve the independent executor from liability for any mismanagement of the estate." TEX. PROB. CODE § 151(b).

John objected to the affidavit, noting that such an affidavit could only be filed "when there is no pending litigation." TEX. PROB. CODE § 151(a). Despite the pending litigation (in the Estate Claims Cause), the trial court signed an order overruling John's objection to the closing affidavit. Here is the full text:

> On this date, the Court considered Plaintiff John Lawton's "Objection to Closing Affidavit of David W. Lawton, Independent Executor of the Estate of Joseph G. Lawton" ("Objection"). After considering the Objection, the responses, if any, any further replies or responsive pleadings, the pleadings and discovery on file, the evidence, and the arguments of counsel, if any, the Court hereby OVERRULES the Objection. It is hereby
>
> ORDERED that John Lawton's Objection to Closing Affidavit of David W. Lawton, Independent Executor of the Estate of Joseph G. Lawton is OVERRULED.

CR116 (**Tab B**).

This is the order that David now claims is a final judgment entitled to *res judicata* effect.

### *This Court Vacates the Summary Judgment in the Estate Claims Cause*

John's appeal of the order granting summary judgment was assigned to this Court.

Unable to defend the merits of the summary judgment, David argued that closing the estate rendered John's appeal moot. CR235. John argued to the

6

contrary, but this Court, in an opinion written by Justice Jim Sharp, held that the appeal was moot. CR243 (**Tab C**).

The opinion considered each of John's claims for relief. CR243. Because the estate was closed, removal of David as independent executor was moot. CR240. The panel held that "it follows that [John's] claim for recovery of attorney's fees incident to removal [was] likewise moot." CR241. And because John sought to assert the estate's rights to an accounting of David's power of attorney, closure of the estate made this request moot. *See* CR242-43 ("[B]ecause John seeks a power of attorney accounting through the estate and the estate is closed, such a request . . . is moot.").

The panel therefore never considered the merits of the summary judgment. CR243. Because the appeal was moot, this Court vacated the summary judgment.[2] CR243. But the opinion expressly acknowledges that the closing of the estate "does not foreclose John from potentially pursing a breach of fiduciary duty claim against David that alleges mismanagement of the estate." CR242.

### John Sues in District Court, Which Dismisses for Lack of Jurisdiction

Consistent with the Probate Code and this Court's opinion, John sued David for breach of fiduciary duty alleging mismanagement of the estate. CR117; *see*

---

[2] "If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction." *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012).

*also* CR121-26 (alleging breaches of fiduciary duty based on David's mismanagement of the estate).

John filed suit in district court in Fort Bend County. On David's motion, the district court dismissed the case for lack of subject matter jurisdiction. CR129.

### John Files This Suit in County Court at Law

John was thus forced to return to the same county court at law (and judge) that granted summary judgment in the Estate Claims Cause. CR8. In the new lawsuit, John sought a declaratory judgment and asserted several different theories of breach of fiduciary duty against David:

- Refusing to provide an accounting. CR13.

- Closing the estate while litigation was pending. CR13.

- Failing to disclose all material facts to John. CR14-15.

- Failing to timely distribute estate assets. CR13, CR16.

- Converting estate assets and misusing them for his personal benefit. CR13, CR16.

- Conflicts of interest with the estate. CR16-17.

John sought damages and disgorgement of money that David improperly received from the estate. CR17-18.

### David Seeks Sanctions and Summary Judgment

Simultaneously with filing his answer, David filed a motion for summary judgment. CR55. David threatened sanctions against John and his counsel,

8

CR244, and devoted more of his motion for summary judgment to arguing for sanctions than to explaining the merits. *See* CR67-77.

David raised two arguments in his motion for summary judgment. First, David asserted that John's claims were barred by *res judicata*. CR59-64. David contended that "the September 4, 2012 closing of the *Estate of Joseph G. Lawton, Deceased* [Cause No. 09-CPR-021945] constituted a final judgment on the merits, with preclusive effect." CR60; *see also* CR116.

To his credit, David did not argue either claim or issue preclusion based on the judgment in the Estate Claims Cause (No. 09-CPR-021945-A), which this Court vacated.[3] But David did rely on these claims in another way, incorrectly asserting that John had filed claims in the Estate Administration Cause (No. 09-CPR-021945). *See, e.g.*, CR61.

Second, David argued that John's request for an accounting of David's power of attorney was barred by limitations and moot. CR64-65. David acknowledged that these arguments would not support a full summary judgment;

---

[3] The purpose of vacating the underlying judgment when an appeal becomes moot is to avoid the effect of doctrines such as *res judicata*. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 788 (Tex. 2006) ("One purpose of vacating the underlying judgment if a case becomes moot during appeal is to prevent prejudice to the rights of parties when appellate review of a judgment on its merits is precluded."); *Danciger Oil & Ref. Co. of Texas v. R.R. Comm'n of Texas*, 122 Tex. 243, 245 (1933) (vacating so that the parties "may not be prejudiced in any subsequent proceeding by a judgment which this court has refused to consider on its merits"). The Restatement also acknowledges this practice. *See* Restatement (Second) of Judgments § 28, cmt. a (noting that "some jurisdictions, in order to avoid the impact of issue preclusion," require "that the appellate court reverse or vacate the judgment below").

9

he merely requested "judgment as a matter of law on the POA accounting claims." CR65; *see also* CR66 (same).

### John Responds to David's Motion and Files an Amended Petition

In his response, John correctly explained that the closing of the estate "is not a determination on the merits" of any claims, rights, or interest. CR342. Further, John's claims in the Estate Claims Cause could not be a basis for *res judicata* because there was no final judgment on the merits with respect to those claims. CR345-46. *Res judicata* was therefore not a bar to John's then current claims. CR348.

With respect to the power of attorney accounting, John explained that he was not asserting an independent claim but merely sought discovery in support of his breach of fiduciary duty claim. CR348-49.

In reply, David repeated his argument that John's claims about his mismanagement of the estate were "raised and defeated in the probate proceeding." CR410.

### The Court Grants Summary Judgment

The trial court granted David's motion for summary judgment, simultaneously dismissing John's claims with prejudice and ordering that John take nothing on the claims. CR555. The trial court also ordered that David would recover attorney's fees and costs but did not determine an amount. CR555.

David filed an "Application for Fees and Costs," requesting attorney's fees on the basis that John had sought a declaratory judgment. CR584. In response, John asserted his right to a jury determination of whether David's fees were "reasonable and necessary." *See* CR618-19; CR621-22. The trial court, without explanation, denied John's request for a jury, 2RR:20-21, and stated that the court would "do this by submission." 2RR:16.

The trial court entered a final judgment in favor of David, awarding him all of the fees requested. CR788.

This appeal followed. CR1161.

## STANDARD OF REVIEW

A grant of summary judgment is reviewed *de novo*. *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013). The court takes as true all evidence favorable to the non-movant and indulges every reasonable inference in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex. 1985).

Summary judgment must "stand or fall on the grounds expressly presented in the motion." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). The movant has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). The burden of proof is on the movant, and all doubts as to the existence of a genuine issue of fact are resolved against the movant. *Nixon*, 690 S.W.2d at 548-49.

*Res judicata* is an affirmative defense, which the proponent has the burden to plead and prove. *Garcia v. Shell Oil Co.*, 355 S.W.3d 768, 773 (Tex. App.—Houston [1st Dist.] 2011, no pet.). To be entitled to summary judgment on an affirmative defense such as *res judicata*, a defendant must conclusively establish each element as to each claim. *See American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997); *Rhone Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).

12

The order overruling John's objections to the closing of the estate is not a "final judgment on the merits" that has the effect of claim preclusion. The easiest way to resolve this case is the plain language of the Estates Code: "The closing of an independent administration by filing of a closing report or notice of closing estate . . . does not relieve the independent executor from liability for any mismanagement of the estate . . . ." TEX. ESTATES CODE § 405.007(b).

The result compelled by the statute is consistent with general principles of *res judicata*. Closing an estate is a purely administrative matter, not a final judgment on the merits. No "claims" are asserted by anyone in such a proceeding. It is not an adjudication that might have the effect of *res judicata*.

Independently, *res judicata* would not apply because John's prior claims were proceeding separately from the estate administration. *See Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985). John had filed (and was pursuing) his claims on behalf of the estate under a different cause number, the Estate Claims Cause, and the judgment on those claims was vacated.

David's *res judicata* argument to the trial court was indisputably incorrect. It rested on the false premise that John had filed claims in the Estate Administration Cause. *See, e.g.*, CR61. Without this premise, David's arguments fail. The trial court erred in granting summary judgment based on *res judicata*.

13

The trial court also erred in awarding attorney's fees to David. If the summary judgment as a whole is reversed, the fee award should be vacated. But even if the summary judgment were affirmed, the fee award should still be reversed.

Because John's declaratory judgment was merely incidental to his other claims for relief, it could not serve as a basis for attorney's fees. *See Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011). Neither John nor David could properly recover fees based on an incidental declaratory judgment claim.

Even if fees could have been awarded, the trial court applied the wrong process and the wrong standard in awarding them. For reasons not apparent from the record, the trial court denied John his right to a jury determination of whether David's fees were "reasonable and necessary." John properly invoked his right to a jury determination, and David never sought summary judgment on the amount of fees. Denying John a jury determination was error.

Moreover, the trial court may award only "equitable and just" attorney's fees in a declaratory judgment. TEX. CIV. PRAC. & REM. CODE § 37.009. David's fee application did not argue—and the trial court did not find—that the fee award was "equitable and just." In the absence a determination that the fees were "equitable and just," the attorney's fee award cannot stand.

14

## I.  Closing the Estate Administration Did Not Have the Effect of Claim Preclusion.

*Res judicata* precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). "It requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996); *see also Houtex Ready Mix Concrete & Materials v. Eagle Const. & Envtl. Services, L.P.*, 226 S.W.3d 514, 519 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Texas courts have followed the Restatement (Second) of Judgments. *See Barr*, 837 S.W.2d at 631; *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986).

David, the party asserting *res judicata*, "ha[d] the burden to present evidence establishing that res judicata should apply." *Alcorn v. Vaksman*, 877 S.W.2d 390, 396 n.1 (Tex. App.—Houston [1st Dist.] 1994, writ denied). David failed to carry this burden.

David's motion asserted a single theory of *res judicata*: "[T]he September 4, 2012 closing of the *Estate of Joseph G. Lawton, Deceased* constituted a final

judgment on the merits, with preclusive effect." CR60; *see also* CR411 ("[A]ll of John's claims are barred because this Court's ruling in Cause No. 09-CPR-021945 . . . was made a final ruling on the merits by the closing of the Estate.").

This theory is meritless. Under both the Estates Code and principles of *res judicata*, an order closing an independent estate administration does not preclude claims against the independent executor for mismanagement of the estate. Closure of an independent estate is a purely administrative matter, not contested litigation in which claims are asserted.

Further, John asserted claims on behalf of the estate claims in a separate cause from the Estate Administration Cause. A judgment in the Estate Administration Cause could not preclude them. *See Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985).

David's *res judicata* argument to the trial court rested on a mischaracterization of the past proceedings: the incorrect assertion that John had filed his claims in the Estate Administration Cause. *See* CR61. With this false premise exposed, David's *res judicata* argument lacks any foundation.

## A. The trial court's order overruling John's objections to closing the estate does not have the effect of claim preclusion.

The trial court's grant of summary judgment on the basis that an order closing an estate has *res judicata* effect on claims in a separate lawsuit is erroneous and unprecedented. Research failed to uncover any Texas case in which an order

16

overruling objections to closure of an independent estate under Section 151 was given *res judicata* effect.

There are good reasons no other court has committed this error. Under the plain language of the Probate Code (now the Estates Code),[4] closing the independent estate did not release David from liability. Moreover, closure of the independent estate administration by affidavit is a purely administrative matter, not a final judgment on the merits.

**1. Under the plain text of the Estates Code, closing an independent estate does not relieve the independent executor from liability.**

The easiest way to resolve this appeal is the plain text of the Estates Code, which provides that closure of an independent estate administration does not immunize the independent executor from personal liability:

> The closing of an independent administration by filing of a closing report or notice of closing estate terminates the power and authority of the independent executor, but does not relieve the independent executor from liability for any mismanagement of the estate . . . .

TEX. ESTATES CODE § 405.007(b); *accord* TEX. PROB. CODE § 151(b) ("shall not relieve the independent executor from liability for any mismanagement of the estate . . . ."). If an independent executor seeks to be discharged from liability, he

---

[4] On January 1, 2014, the Texas Estates Code replaced the Texas Probate Code. There are no material differences for the purpose of this appeal, but we have generally provided parallel citations.

must follow a different process. *See* TEX. PROB. CODE § 149E; TEX. ESTATES CODE § 405.003(a). It is undisputed that David did not follow this process.

David's only *res judicata* argument is that "the September 4, 2012 closing of the *Estate of Joseph G. Lawton, Deceased*" relieved him from liability for any mismanagement of the estate through principles of *res judicata*. CR60.

The statute says exactly the opposite: Closing the estate does not relieve independent executors from liability. The plain text of the statute is controlling.

In the trial court, without explanation or authority, David argued that principles of *res judicata* somehow trump the statute. *See* CR412 n.5 (arguing that the statute is "inapplicable" because of *res judicata*).

This is incorrect: principles of claim preclusion cannot override the unambiguous text of a statute. *See, e.g.*, *C/S Solutions, Inc. v. Energy Maint. Services Group LLC*, 274 S.W.3d 299, 310 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("This statute modifies the common law so that res judicata bars only those claims that were actually litigated in the limited-jurisdiction court."). The Restatement also acknowledges that statutes can limit rules of claim preclusion: "A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim: . . . [w]hen by statute . . . the judgment does not operate as a bar to another action on the same claim . . . ." Restatement (Second) of Judgments § 20 (1982).

18

Indeed, this Court acknowledged the statute in the previous appeal: "We agree that under section 151(c)(2) the closing of the estate does not foreclose John from potentially pursuing a breach of fiduciary duty claim against David that alleges mismanagement of the estate."  CR242.

David offered no valid reason for the trial court to ignore the plain text of the statute, and there is none.  Closing the estate did not relieve David of liability from John's claims for David's mismanagement of the estate.

**2.    Closing the independent estate administration was "purely administrative" and not a final judgment on any merits.**

There is good reason that closing an estate does not relieve an independent executor from liability.  Closing an estate (technically, closing the independent administration) by affidavit is merely an administrative matter, not a "final judgment on the merits" to which *res judicata* might apply.

The Texas Practice Series treatise explains the history of this procedure: "Under the old statutes the probate court had no jurisdiction to close an independent administration.  The estate was in fact closed and the authority of the independent executor was terminated by his distribution, but this could not be made to appear of record."  17 Tex. Prac., Prob. & Decedents' Estates § 512 (2014).  To avoid the resulting uncertainty and inconvenience, Section 151(a) of the Probate Code thus provided "a simple, inexpensive method for closing an

19

independent administration," which allows an independent executor "to make a formal closing of the estate appear of record." *Id.*

Under Section 151(a), an independent executor could file a closing report verified by affidavit. TEX. PROB. CODE § 151(a); *see also* TEX. ESTATES CODE § 405.005. The effect was to "terminate the independent administration and the power and authority of the independent executor." TEX. PROB. CODE § 151(b); TEX. ESTATES CODE § 405.007(b).

"Section 151 is purely administrative in nature, providing simply a method whereby the closing of an independent administration can be made a matter of record." *Burke v. Satterfield*, 525 S.W.2d 950, 953 (Tex. 1975); *see also* 17 Tex. Prac., Prob. & Decedents' Estates § 512 ("[T]he closing of an independent administration by the filing of an affidavit is a purely administrative procedure.").

The sole issue that a court can decide regarding closing the estate is whether "the 'Affidavit Closing Estate' *on its face* met the requirements of § 151." *In re Estate of Canales*, 837 S.W.2d 662, 669 (Tex. App.—San Antonio 1992, no writ) (emphasis added). A court cannot inquire into "the accuracy of the accounting or whether the estate has been properly administered." *Id.*; *see also Burke*, 525 S.W.2d at 953 (holding that Section 151 does not provide a probate court with jurisdiction over "the substance of the accounting in an effort to determine whether it is accurate or whether the executor has properly administered the estate").

20

No "merits" were at issue in the "purely administrative proceeding" to close the independent estate administration. The order overruling John's objections is not a "final judgment on the merits" that would preclude John's claims.

This conclusion is consistent with the treatment of *in rem* proceedings in the Restatement (Second) of Judgments:

> A valid and final judgment in an action based only on jurisdiction to determine interests in a thing: . . . (2) Does not bind anyone with respect to a personal liability . . . .

Restatement (Second) of Judgments § 30; *see also* TEX. ESTATES CODE § 32.001 ("The entire proceeding is a proceeding in rem.").

David has never cited any authority suggesting that an order overruling objections to an estate closure constitutes a "final judgment on the merits." He cited two cases to the trial court, CR60, but these cases have nothing to do with applying principles of claim preclusion to closure of an estate. *See Mower v. Boyer*, 811 S.W.2d 560, 563 (Tex. 1991) (preventing collateral attack on a merits adjudication by a probate court); *Standlee v. Buechler*, No. 05-92-00466-CV, 1993 WL 155875, at *7 (Tex. App.—Dallas May 14, 1993, no writ) (holding that "settlement agreements constituted final judgments on the merits" and were "entitled to preclusive effect").

To be entitled to the affirmative defense of *res judicata*, David bore the burden to prove a "final judgment on the merits" exists, and he failed to meet it. Summary judgment was improper.

### 3. *Res judicata* cannot apply because no "claims" were filed in the Estate Administration Cause.

This conclusion—that principles of claim preclusion do not apply to an order closing an estate—is further bolstered by noting that *res judicata* is premised on "claims" being filed in the earlier proceeding.

The Texas Supreme Court has prescribed how courts must apply the "transactional approach" for *res judicata*: "A determination of what constitutes the subject matter of a suit necessarily requires an examination of the factual basis of the claim or claims in the prior litigation." *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 630 (Tex. 1992). "A subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit." *Id.* at 631.

Thus, to determine whether John's claims were barred by the order overruling objections to the closing affidavit in the Estate Administration Cause, the trial court needed to examine "the factual basis of the claim or claims" in that suit. But there were no "claims" filed by anyone in the Estate Administration Cause (No. 09-CPR-021945).

22

Trying to apply *res judicata* to an order closing an estate is like trying to fit a square peg in a round hole—it simply does not work.

### 4. Because John's current claims were not compulsory counterclaims in the Estate Administration Cause, *res judicata* does not preclude them.

Even if closure of the estate were a final judgment on the merits, *res judicata* would not bar John's claims. Because John did not assert an affirmative claim for relief in the Estate Administration Cause, *res judicata* could apply only to John's "compulsory counterclaims." *See Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 207 (Tex. 1999) ("*Res judicata,* however, does not bar a former defendant who asserted no affirmative claim for relief in an earlier action from stating a claim in a later action that could have been filed as a cross-claim or counterclaim in the earlier action, unless the claim was compulsory in the earlier action.").

David failed to prove—or even argue—that John's current claims were "compulsory counterclaims" to the estate closure. *See* CR59-64. David bore the burden, and his failure to meet it, standing alone, is enough to reverse the summary judgment. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 338 (Tex. 1993) ("[T]he specific grounds for summary judgment must be expressly presented in the motion for summary judgment itself . . . .").

23

In any event, John's claims against David were not compulsory counterclaims. Holding that mismanagement claims against an independent executor must be raised in response to closure of independent estate administration would conflict with the plain text of the Estates Code: "The closing of an independent administration by filing of a closing report or notice of closing estate . . . does not relieve the independent executor from liability for any mismanagement of the estate." TEX. ESTATES CODE § 405.007(b). Classifying claims based on mismanagement as compulsory counterclaims would nullify this text.

In addition, a counterclaim is compulsory only if: "(1) it is within the jurisdiction of the court; (2) it is not at the time of filing the answer the subject of a pending action; (3) the claim is mature and owned by the defendant at the time of filing the answer; (4) it arose out of the same transaction or occurrence that is the subject matter of the opposing party's claim; (5) it is against an opposing party in the same capacity; and (6) it does not require the presence of third parties over whom the court cannot acquire jurisdiction." *Ingersoll-Rand*, 997 S.W.2d at 207.

For several reasons, John's claims were not compulsory. First, the trial court lacked jurisdiction over them in response to the closing affidavit. *See Burke*, 525 S.W.2d at 953 (Section 151 does not provide a probate court with jurisdiction "to determine whether . . . the executor has properly administered the estate").

24

Second, some of John's claims were the subject of a pending action in the Estate Claims Cause (No. 09-CPR-021945-A).[5]  Third, to the extent David's attempt to close the independent administration constitutes a "claim" (as discussed above, it does not), the subject matter of David's "claim" to close the estate was the "purely administrative" question of the facial validity of his affidavit.  *Burke*, 525 S.W.2d at 953.  It did not involve the propriety of David's management, which is the subject of John's claims in this lawsuit.

Perhaps most significantly, John's claims are now against David in a different capacity.  In the Estate Administration Cause, David, *as independent executor*, sought to close the estate.  *See* CR116 (overruling objections to "Closing Affidavit of David W. Lawton, Independent Executor of the Estate of Joseph G. Lawton").  But John has now sued David, *individually*, for breach of fiduciary duty.  CR8.  These claims, which are against David in a different capacity, were not compulsory counterclaims to David's closure of the independent estate administration.

---

[5] The fact that John did not file an "answer" in Cause No. 09-CPR-021945 is only further confirmation that it is simply not the type of proceeding to which *res judicata* would apply.

John's change in capacity is also significant. In the earlier proceeding, John sued David as a beneficiary[6] on behalf of the estate. CR91. This Court held that when David closed the estate, John could no longer act in this capacity and his claims became moot. *See* CR242 ("[B]ecause John's authority to request such an accounting derives from his relationship to the estate as a beneficiary, once closed, the estate ceases as an entity, as does any authority John had derivative from or on behalf of the estate.").

But now that the estate has closed, John has sued David directly. *See* CR8. This difference in capacity is material:

> A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity.

Restatement (Second) of Judgments § 36. Any claims raised by John on behalf of the estate in the Estate Claims Cause would not preclude him from now raising claims as an individual now that the estate has closed. In this case, David has now changed from an independent executor to individual and John from beneficiary to individual.

---

[6] Much like minority shareholders can raise derivative claims on behalf of a corporation, beneficiaries can raise claims on behalf of an estate when the executor has a conflict of interest. *See, e.g.*, *Chandler v. Welborn*, 294 S.W.2d 801, 806 (Tex. 1956); *Mayhew v. Dealey*, 143 S.W.3d 356, 371 (Tex. App.—Dallas 2004, pet. denied).

**B.** *Res judicata* **does not apply because John's previous claims were separated from the Estate Administration Cause.**

There is another reason that *res judicata* does not apply: John's previous claims against David were separated from the Estate Administration Cause (No. 09-CPR-021945) and filed in the Estate Claims Cause (No. 09-CPR-021945-A), in which the final judgment was vacated.

Because John's claims proceeded separately from the Estate Administration Cause, a final judgment in that cause cannot preclude them: "[T]he res judicata effects of an action cannot preclude litigation of claims that a trial court explicitly separates or severs from that action." *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985).

In *Van Dyke*, following trial in a divorce case, lawyers who formerly represented one party intervened with a claim for fees. *Id.* at 382. The party then asserted malpractice as a counterclaim. *Id.* The trial court severed these claims from the divorce, then ordered separate trials on the fees and malpractice claims. *Id.* at 384. After holding a trial on the fees claim, however, the trial court then granted summary judgment on the malpractice counterclaim "based on 'res judicata and/or collateral estoppel.'" *Id.* at 383.

The Texas Supreme Court held that this was error: "[T]he res judicata effects of an action cannot preclude litigation of claims that a trial court explicitly separates or severs from that action. Since the trial court granted separate trials for

27

the intervention claim for fees and the malpractice counterclaim, the res judicata effects of the action on the intervention claim for fees cannot preclude the malpractice counterclaim." *Id.* at 384.

This rule governs this case. John's claims on behalf of the estate proceeded separately from the Estate Administration Cause, in which the closure of the independent estate administration occurred. Because the claims were proceeding separately in the Estate Claims Cause, a final judgment in the Estate Administration Cause "cannot preclude litigation" of John's separate claims. *Van Dyke*, 697 S.W.2d at 384.

## C. David's arguments are unavailing.

### 1. David's *res judicata* argument rested on the false premise that John filed claims in the Estate Administration Cause.

The *res judicata* argument in David's motion for summary judgment rested on an incorrect description of the earlier proceedings. David incorrectly claimed that John's claims had been filed in the Estate *Administration* Cause (No. 09-CPR-021945). *See* CR61.

David's motion defined the term "Probate Case" as "Cause No. 09-CPR-021945, *In the Estate of Joseph G. Lawton, Deceased.*" CR56. The motion repeatedly (and incorrectly) claims that John had filed claims in the "Probate Case":

- "[T]he claims asserted in the Current Petition are the same as asserted in the Probate Case . . . ." CR61.

- "And in that case [the Probate Case], in fact, John actually *did* assert *all* the Current Petition Claims . . . ." CR61.

- "John could (and did) assert these claims in the Probate Case . . . ." CR62.

- "[T]he claims in the Current Petition here are barred by *res judicata* because they were, or should have been if John acted diligently, asserted in the Probate Case. . . . ." CR64.

These incorrect statements were the sole basis for David's arguments that he was entitled to summary judgment based on *res judicata.*

John did not file any claims against David in Cause No. 09-CPR-021945, what David labeled the "Probate Case." To the contrary, the main probate proceeding and the proceeding in which John's claims were filed had two separate cause numbers and two separate files. John's claims against David were all filed in a different cause: 09-CPR-021945-A. *See* CR91. This is the same cause number in which summary judgment was granted by the trial court. CR114. And this is the same cause number in which John appealed:

**On Appeal from the County Court at Law No. 1
Fort Bend County, Texas
Trial Court Case No. 09-CPR-021945A**

CR232 (emphasis added).

Indeed, this Court expressly noted the different proceedings: "[T]he administration of the estate—including the closing affidavit, John's objection, and

29

the order overruling John's objections—is Cause No. 09-CPR-021945." CR239

n.6. This Court vacated the summary judgment in Cause No. 09-CPR-021945-A.

CR243.

David's *res judicata* arguments rested on the false premise that John filed

claims in Cause No. 09-CPR-021945. With that false premise exposed, David's

summary judgment based on *res judicata* cannot stand.

### 2. David's arguments concerning the power of attorney accounting are unavailing.

In the trial court, David also raised two arguments concerning John's request

for an accounting of David's power of attorney, arguing that it was "barred by

limitations" and "moot." CR64-65.[7] At best, these arguments would support a

partial summary judgment. They are not a basis to affirm the full summary

judgment entered by the trial court.

In any event, as John clarified, his request for an accounting of David's

power of attorney is not a freestanding claim but is a "discovery issue." CR348.

John's theory is that David breached his fiduciary duty as independent executor by

failing to pursue the estate's chief asset: its breach of fiduciary duty claim against

---

[7] David's "mootness" argument simply misreads this Court's previous opinion, which held that John's assertion of a right to seek an accounting **on behalf of the estate** became moot once David closed the estate. *Compare* CR65 (David's argument) *with* CR242 ("[B]ecause John's authority to request such an accounting derives from his relationship to the estate as a beneficiary, once closed, the estate ceases as an entity, as does any authority John had derivative from or on behalf of the estate."). In this suit, John is seeking the accounting personally, not "on behalf of the estate."

David for abusing his power of attorney. CR349. To support this claim, John sought discovery concerning of the validity of the underlying breach of fiduciary duty claim.

David's arguments about the scope of available discovery are not a basis for affirming the summary judgment entered by the trial court.

## II.    The Trial Court Erred in Awarding Attorney's Fees.

The award of attorney's fees should be reversed with the rest of the summary judgment. *See Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 637-38 (Tex. 1996) (vacating and remanding attorney's fees under the Declaratory Judgment Act after reversing a declaratory judgment).[8] The fee award cannot stand independently, so if the Court reverses the judgment, it need not address the other deficiencies in the fee award. But even if the rest of the judgment were affirmed, the award of attorney's fees should be reversed.

---

[8] *See Bowers v. Taylor*, 263 S.W.3d 260, 268-69 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("Having determined that the trial court erred by granting summary judgment in favor of Taylor in the declaratory judgment action, we reverse and remand the trial court's award of attorney's fees to Taylor that were entered in accordance with that declaratory judgment for further proceedings not inconsistent with this opinion."); *see also WaiWai, LLC v. Alvarado*, No. 03-13-00540-CV, 2014 WL 6844934, at *5 (Tex. App.—Austin Nov. 26, 2014, no pet.) ("When a declaratory judgment is reversed on appeal, however, the trial court's original award of attorney's fees and costs may no longer be equitable and just."); *AmeriPath, Inc. v. Hebert*, 447 S.W.3d 319, 344-45 (Tex. App.—Dallas 2014, pet. denied) ("However, our opinion in this case significantly changes the trial court's final judgment, and we cannot discern whether the trial court would still consider its award of fees to be equitable and just in light of those changes.").

The sole basis for the attorney's fees awarded was John's declaratory judgment. *See* CR66 (requesting attorney's fees under the Declaratory Judgment Act because "John . . . sought a declaratory judgment").[9] The fee award is flawed in several respects.

## A. John's declaratory judgment was merely incidental to his other claims and not a legal basis for attorney's fees.

It is black-letter law that "an award of attorney's fees under the DJA is unavailable if the claim for declaratory relief is merely incidental to other claims for relief." *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 301 (Tex. 2011) (citing *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 289 (Tex. 2002)). In other words, "simply repleading a claim as one for a declaratory judgment cannot serve as a basis for attorney's fees." *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011).

---

[9] Although David initially sought fees under both the Declaratory Judgment Act and as sanctions, CR66-78, he later non-suited his request for sanctions. CR756. This left the Declaratory Judgment Act as the only basis for the fee award. *See* CR586 (Application for Fees: "David is entitled to recover his attorneys' fees and costs of court under . . . the Texas Declaratory Judgment Act."). In his answer, David phrased his fee request as a "counterclaim." CR44. The trial court's judgment apparently denies the "counterclaim," CR789, and such a counterclaim is not a proper invocation of the Declaratory Judgment Act. *See Sw. Guar. Trust Co. v. Hardy Rd. 13.4 Joint Venture*, 981 S.W.2d 951, 956 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) ("A declaratory judgment action may not be used solely to obtain attorney's fees that are not otherwise authorized by statute or to settle disputes already pending before a court."); *see also Hageman/Fritz, Byrne, Head & Harrison, L.L.P. v. Luth*, 150 S.W.3d 617, 627 (Tex. App.—Austin 2004, no pet.) ("It is an abuse of discretion, therefore, to award attorney's fees under the UDJA when the statute is relied upon solely as a vehicle to recover attorney's fees.").

Here, John's request for a declaratory judgment did not provide a legal basis for an award of fees because it restated John's other claims. In his answer, David conceded this point. *See* CR44 (claiming that John "reclassifie[d] some of his claims in the guise of a declaratory judgment").

David is correct that John repleaded his claims as claims for declaratory judgment. The only declarations requested by John were incidental to his other causes of action. *See* CR12. They "would add nothing to what would be implicit or express in a final judgment for the enforceable remedy." *Universal Printing Co. v. Premier Victorian Homes, Inc.*, 73 S.W.3d 283, 296 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Accordingly, John's request for a declaratory judgment could not serve as a basis for attorney's fees for either party.

A declaratory judgment will provide a basis for fees only when the statute has been "properly invoked." *See Knighton v. Int'l Bus. Machines Corp.*, 856 S.W.2d 206, 210 (Tex. App.—Houston [1st Dist.] 1993, writ denied) ("When a claimant . . . has properly invoked the declaratory judgment statute, either party may plead for and obtain attorney's fees."); *Hartford Cas. Ins. Co. v. Budget Rent-A-Car Sys., Inc.*, 796 S.W.2d 763, 771 (Tex. App.—Dallas 1990, writ denied) ("[W]here a claimant or a counter-claimant has properly invoked the declaratory judgment statute, either party may plead for and obtain attorney's fees.").

33

The Austin Court of Appeals explained, "Although attorney's fees are permissible when a party defends against a claim under the Declaratory Judgments Act, one of the parties must properly invoke the statute." *Whiteside v. Griffis & Griffis, P.C.*, 902 S.W.2d 739, 747 (Tex. App.—Austin 1995, writ denied).

In *Kenneth Leventhal & Co. v. Reeves*, 978 S.W.2d 253 (Tex. App.—Houston [14th Dist.] 1998, no pet.), a plaintiff attempted to "use declaratory relief, identical to his breach of contract claim, simply to pave the way to recover attorney's fees not otherwise available." *Id.* at 259. Thus, Reeves, the plaintiff, was not entitled to attorney's fees based on his claim for declaratory relief. *Id.* at 260.

The defendant (like David) argued that he should have been awarded attorney's fees. The Fourteenth Court of Appeals squarely rejected the argument: "Having found no legal basis for awarding attorney's fees to Reeves we likewise find no legal basis for awarding such fees to Leventhal." *Id.* at 260.

Here is how the Fourteenth Court of Appeals later described this holding: "In other words, having concluded that the plaintiff improperly invoked the UDJA to request the same relief already sought under his breach of contract claim, the court held that the UDJA was not a proper procedural vehicle to award either party attorney's fees." *Devon Energy Prod. Co., L.P. v. KCS Res., LLC*, 450 S.W.3d 203, 220 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

34

This rule controls the award of fees. Because John invoked the Declaratory Judgment Act to request relief already sought in or incidental to his other claims, it was "not a proper procedural vehicle" to award David fees, *Devon Energy*, 450 S.W.3d at 220, and there was "no legal basis" for the fee award. *Kenneth Leventhal & Co.*, 978 S.W.2d at 260.

To receive attorney's fees, David needed to establish that John properly invoked the Declaratory Judgment Act. Because David failed to do so, even if this Court were to affirm the summary judgment, it should render judgment that David recover no attorney's fees from John.

Alternatively, there are two additional errors in the award of fees, both of which lead to a remand.

## B. The trial court erroneously denied John a jury determination of whether David's fees were "reasonable and necessary."

For reasons not apparent from the record, the trial court denied John his right to have a jury determine whether David's fees were "reasonable and necessary." This was error.

David's motion for summary judgment did not include any evidence regarding the amount of fees. *See* CR66 n.13 (David's motion for summary judgment proposing that "David will submit evidence establishing his costs and reasonable attorney's fees for this case.").

35

Instead, after summary judgment was granted, David filed an "Application for Attorneys' Fees and Costs." CR584. John responded, asserting his right to a jury trial and tendering the jury fee. *See* CR618-19; CR621-22.

At a hearing, the trial court denied John's demand for a jury trial, 2RR:20-21, and stated that it would "do this by submission." 2RR:16. The trial court later entered a final judgment awarding David all of the attorney's fees he requested. *Compare* CR786 (final judgment) *with* CR584 (application for attorney's fees).

Denying John his right to a jury determination of this issue was error. It is black-letter law that that the reasonableness and necessity of attorney's fees awarded under the Declaratory Judgment Act "is a question of fact for the jury's determination." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998) (quoting *Trevino v. American Nat'l Ins. Co.*, 168 S.W.2d 656, 660 (Tex. 1943)). John had a right to a jury determination, and the trial court erred by denying John that right.

Admittedly, like other fact issues, the reasonableness and necessity of attorney's fees can be resolved on summary judgment. *E.g.*, *Petrello v. Prucka*, 415 S.W.3d 420, 431 (Tex. App.—Houston [1st Dist.] 2013, no pet.). But David never sought summary judgment regarding the amount of fees. Neither his "Application for Fees and Costs," CR561, nor his "Motion for Entry of Final Judgment," CR741, argue that "there is no genuine issue of material fact" or cite to Rule 166a. They cannot be construed as requesting summary judgment. *See*

36

*McConnell*, 858 S.W.2d at 341 (Tex. 1993) ("A [summary judgment] motion must stand or fall on the grounds expressly presented in the motion.").

**C.      David's Application for Fees never argued—and the trial court never found—that the award of fees was "equitable and just."**

The award of attorney's fees is deficient for another reason: only "equitable and just" attorney's fees may be awarded under the Declaratory Judgment Act, and the trial court did not find that these fees were equitable and just:

> [T]he Declaratory Judgments Act entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law.

*Bocquet*, 972 S.W.2d at 21; *see also* TEX. CIV. PRAC. & REM. CODE § 37.009 (a court may award "reasonable and necessary attorney's fees as are equitable and just").

David's Application for Fees never argued that an award of fees under the Declaratory Judgment Act was "equitable and just." Instead, David erroneously asserted that as a prevailing party, he was entitled to receive attorneys' fees. *See* CR588 ("David prevailed against John's declaratory judgment action.

37

Accordingly, David is entitled to recover his reasonable attorneys' fees and costs.").[10]

Consistent with David's fee application, the trial court did not find that the award of attorney's fees was "equitable and just." Instead, the judgment merely finds that the fees were "reasonable":

> ORDERED, ADJUDGED, AND DECREED that David W. Lawton, as prevailing party, have and recover from John Lawton his reasonable attorneys' fees incurred in defending this lawsuit in the amount of $ 36,315.90 for services rendered through the trial of this case. It is further

CR788 (emphasis added). Without concluding that the fees were "equitable and just," the trial court could not award them. And without any argument about this standard in David's fee application or mention of it in the award, there is no basis to assume the trial court applied the correct "equitable and just" standard.

By granting attorney's fees to David without considering whether the fees were "equitable and just," the trial court acted "without regard to guiding legal principles." *Ford Motor Co. v. Chacon*, 370 S.W.3d 359, 362 (Tex. 2012). This was an abuse of discretion. *See id.*; *In re Serv. Corp. Intern.*, 355 S.W.3d 655, 658

---

[10] David is also incorrect that a "prevailing party" is "entitled to" attorney's fees. *See, e.g.*, *City of Houston v. Soriano*, No. 14-05-00161-CV, 2006 WL 2506388, at *6 (Tex. App.—Houston [14th Dist.] Aug. 29, 2006, pet. denied) ("The Declaratory Judgment Act does not require an award of attorney's fees to the prevailing party, but merely provides that a court may award them.").

(Tex. 2011) ("When a trial court errs in determining the law or in applying the law to the facts, it has abused its discretion.").

## CONCLUSION AND PRAYER

This is a straightforward appeal, answered by the plain text of the statute: closing an estate by affidavit does not relieve the independent executor from liability for mismanagement.  Appellant respectfully requests that this Court reverse the judgment in its entirety.

Respectfully submitted,

**BECK REDDEN LLP**


By: */s/ William R. Peterson*
    Constance H. Pfeiffer
    State Bar No. 24046627
    cpfeiffer@beckredden.com
    William R. Peterson
    State Bar No. 24065901
    wpeterson@beckredden.com
1221 McKinney, Suite 4500
Houston, TX  77010-2010
(713) 951-3700
(713) 951-3720 (Fax)

    Esther Anderson
    State Bar No. 00792332
    esther@probateguardianship.com
**ANDERSON PFEIFFER, PC**
845 FM 517 West, Suite 200
Dickinson, TX  77539
(281) 488-6535
(281) 614-5205 (Fax)

**COUNSEL FOR APPELLANT
JOHN LAWTON**

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2015, a true and correct copy of the above and foregoing Brief of Appellant was forwarded to all counsel of record by the Electronic Filing Service Provider, if registered, otherwise by email, as follows:

N. Kimberly Hoesl
J. B. (Trey) Henderson III
DOYLE, RESTREPO, HARVIN & ROBBINS, L.L.P.
440 Louisiana St #2300
Houston, TX 77002
khoesl@drhrlaw.com
thenderson@drhrlaw.com

**Counsel for David W. Lawton**

*/s/ William R. Peterson*
William R. Peterson

## CERTIFICATE OF COMPLIANCE

1.	This brief complies with the type-volume limitation of Tex. R. App. P. 9.4 because it contains 8,789 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(2).

2.	This brief complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14 point Times New Roman font.

Dated: July 8, 2015.


*/s/ William R. Peterson*
William R. Peterson

***Counsel for Appellant,***
***John Lawton***

# No. 01-15-00193-CV

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
AT HOUSTON

## JOHN LAWTON,
*Appellant,*

## v.

## DAVID W. LAWTON,
*Appellee.*

On Appeal from the County Court at Law No. 1, Fort Bend County, Texas
Trial Court Cause No. 14-CCV-053769

## APPENDIX TO
## BRIEF OF APPELLANT

TAB

A    Final Judgment

B    Order Overruling Objections to Closing Affidavit in Cause No. 09-CPR-021945

C    Opinion and Mandate of the First Court of Appeals, No. 01-12-00932-CV

# TAB A
## Final Judgment

NO. 14- CCV-053769

| | | |
|---|---|---|
| JOHN LAWTON, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. ONE |
| | § | |
| DAVID W. LAWTON, INDIVIDUALLY, | § | |
| AS FORMER INDEPENDENT EXECUTOR | § | |
| OF THE ESTATE OF JOSEPH G. | § | |
| LAWTON, DECEASED, AND AS FORMER | § | |
| AGENT FOR JOSEPH G. LAWTON | § | |
| UNDER A POWER OF ATTORNEY, | § | |
| Defendant. | § | FORT BEND COUNTY, TEXAS |

## FINAL JUDGMENT

On this date came on to be considered the Motion for Entry of Final Judgment ("Motion") of Defendant David W. Lawton. After considering the Motion, any response thereto, the pleadings, the arguments of counsel, if any, and all other matters properly before it, and having previously rendered summary judgment on all causes of action asserted by Plaintiff John Lawton, and having disposed of all other pending claims in this matter, the Court is of the opinion that the Motion should be GRANTED. It is accordingly

ORDERED, ADJUDGED, AND DECREED that John Lawton take nothing by any and all of his claims against David W. Lawton. It is further

ORDERED, ADJUDGED, AND DECREED that all of John Lawton's claims asserted in this matter are hereby dismissed with prejudice. It is further

ORDERED, ADJUDGED, AND DECREED that David W. Lawton, as prevailing party, have and recover from John Lawton his reasonable attorneys' fees incurred in defending this lawsuit in the amount of $ 36,318.90 for services rendered through the trial of this case. It is further

**EXHIBIT B**

ORDERED, ADJUDGED, AND DECREED that David W. Lawton have and recover from John Lawton the further sum of $25,000.00 as his reasonable attorneys' fees if appeal is taken unsuccessfully by John Lawton to the Court of Appeals. It is further

ORDERED, ADJUDGED, AND DECREED that David W. Lawton have and recover from John Lawton the further sum of $10,000.00 as his reasonable attorneys' fees if either party petitions the Texas Supreme Court for review, and David W. Lawton prevails. It is further

ORDERED, ADJUDGED, AND DECREED that David W. Lawton have and recover from John Lawton the further sum of $25,000.00 as his reasonable attorneys' fees if a petition for review is granted or briefing on the merits is requested by the Texas Supreme Court and David W. Lawton prevails. It is further

ORDERED, ADJUDGED, AND DECREED that post-judgment interest on the above amounts (including attorneys' fees but excluding attorneys' fees on appeal) shall accrue at the rate of five percent (5%) per annum, compounded annually pursuant to TEX. FIN. CODE § 304.006, from the date of this judgment until paid. It is further

ORDERED, ADJUDGED, and DECREED that all costs are taxed against John Lawton. It is further

ORDERED, ADJUDGED and DECREED that this is a final judgment disposing of all claims still pending in this matter and all parties in this cause. All relief not expressly granted herein is denied. It is further

2

789

ORDERED, ADJUDGED and DECREED that execution is issued for this Final Judgment. David W. Lawton is allowed such writs and processes as may be necessary in the enforcement and collection of this Final Judgment.

This Final Judgment is final and appealable.

SIGNED this 22 day of _____, 2014.

_____
JUDGE PRESIDING

3

<u>TAB B</u>
**Order Overruling Objections to Closing Affidavit in Cause No. 09-CPR-021945**

NO. 09-CPR-021945

| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| JOSEPH G. LAWTON , | § | AT LAW NUMBER ONE (1) OF |
| | § | |
| DECEASED | § | FORT BEND COUNTY, TEXAS |

## ORDER

On this date, the Court considered Plaintiff John Lawton's "Objection to Closing Affidavit of David W. Lawton, Independent Executor of the Estate of Joseph G. Lawton" ("Objection"). After considering the Objection, the responses, if any, any further replies or responsive pleadings, the pleadings and discovery on file, the evidence, and the arguments of counsel, if any, the Court hereby OVERRULES the Objection. It is hereby

ORDERED that John Lawton's Objection to Closing Affidavit of David W. Lawton, Independent Executor of the Estate of Joseph G. Lawton is OVERRULED.

SIGNED on _____ , 2012.

_____
JUDGE PRESIDING

AS PER ORIGINAL

EXHIBIT 6

# TAB C
Opinion and Mandate of the
First Court of Appeals, No. 01-12-00932-CV

Opinion issued July 10, 2014



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-12-00932-CV

---

**JOHN LAWTON, Appellant**

**V.**

**DAVID W. LAWTON, INDIVIDUALLY, AS INDEPENDENT EXECUTOR OF THE ESTATE OF JOSEPH G. LAWTON, DECEASED, AND AS FORMER AGENT FOR JOSEPH G. LAWTON UNDER A POWER OF ATTORNEY, Appellee**

---

On Appeal from the County Court at Law No. 1
Fort Bend County, Texas
Trial Court Case No. 09-CPR-021945A

---

## MEMORANDUM OPINION ON REHEARING[1]

---

[1]    We originally issued our opinion in this appeal on March 6, 2014. Appellee, David W. Lawton, individually, as independent executor of the estate of Joseph G.

EXHIBIT 10

John Lawton challenges the portion of the trial court's June 29, 2012 order granting summary judgment against him on his claims asserted in his original petition against David W. Lawton, individually, as independent executor of the estate of Joseph G. Lawton, deceased, and as former agent for Joseph G. Lawton under a power of attorney. In three issues, John contends that the trial court erred in granting summary judgment on his (1) claim for removal of David as executor of the estate, (2) request for a power of attorney accounting, and (3) an award of his attorney's fees. Because we conclude that John's claims in his original petition are moot, we vacate the portion of the trial court's order granting David summary judgment on John's claims asserted in his original petition and we dismiss his original petition.

## Background

John and David are the only children of Joseph and Joyce Lawton. On October 15, 2003, Joseph executed his will and a statutory durable power of attorney authorizing David to act as his agent for, among other things, estate, trust, and other beneficiary transactions. Joseph died on March 21, 2009.

---

Lawton, deceased, and as former agent for Joseph G. Lawton under a power of attorney, filed a motion for rehearing. We deny the motion for rehearing, withdraw our March 6, 2014 opinion, vacate our judgment, and issue this opinion and the related judgment in their stead. David also filed a request in the alternative for reconsideration en banc. In light of the issuance of this opinion, the request for en banc reconsideration is dismissed as moot. *See Brookshire Bros., Inc. v. Smith*, 176 S.W.3d 30, 40 & n.2 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

2

On June 8, 2009, Joseph's will was admitted to probate and David was appointed independent executor of Joseph's estate. On August 5, 2009, the court signed an order approving the estate inventory, appraisement, and list of claims as well as David's appointment as independent executor.

On June 6, 2011, John submitted a demand letter for an estate accounting from David pursuant to Probate Code section 149A and, on November 14, 2011, filed an original petition in the trial court seeking to (1) compel an estate accounting and distribution and a power of attorney accounting; (2) remove David as executor; and (3) recover attorneys' fees. David answered on December 21, 2011 and provided John with a verified estate accounting on December 23, 2011.

On March 2, 2012, David filed a motion for summary judgment and response to John's petition. The trial court set the motion for hearing on June 28, 2012.[2] On the morning of the summary judgment hearing, John filed his first amended petition seeking a declaratory judgment and adding a claim for breach of fiduciary duty premised on numerous grounds. John did not file a motion for leave to file his amended petition but orally requested leave at the hearing. On June 29, 2012, the trial court signed an order granting David's summary judgment motion,

_____

[2]     After John filed a motion requesting a status conference on March 5, 2012, the trial court canceled all motion settings (including the original March 26, 2012 hearing date on David's summary judgment motion) and scheduled a status conference for March 26, 2012, at which time the trial court re-set the summary judgment motion for hearing on June 28, 2012.

3

denying and dismissing with prejudice John's original petition, and dismissing John's amended petition for failure to comply with Texas Rule of Civil Procedure 63.

On July 11, 2012, David filed a closing affidavit to terminate the administration of Joseph's estate. On August 10, 2012, John filed an objection to the closing affidavit and, on July 31, 2012, he filed a motion for new trial. On September 4, 2012, the trial court signed orders overruling John's objection to the closing affidavit and denying his motion for new trial. On September, 19, 2012, John timely filed this appeal.

## Discussion

John contests the trial court's order granting summary judgment on (1) his claim for removal of David as the executor of the estate, (2) the request for a power of attorney accounting, and (3) an award of his attorneys' fees. David contends that John's issues are moot because the estate is closed and John did not appeal the closing of the estate, thus depriving the trial court of jurisdiction. He also asserts that the trial court properly granted summary judgment on all of John's claims.

## Jurisdiction

Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *See Tex. Natural Res. Conservation Comm'n v. IT Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Although courts generally do not lose subject

4

matter jurisdiction once it attaches, a probate court is a specialized court that can lose jurisdiction over matters incident to an estate if it loses jurisdiction over the probate matters. *See Goodman v. Summit at West Rim, Ltd.*, 952 S.W.2d 930, 933 (Tex. App.—Austin 1997, no pet.). In other words, once an estate closes, incident claims are pendent or ancillary to nothing, and the probate court loses jurisdiction. *Id.*; *see also Schuld v. Dembrinski*, 12 S.W.3d 485, 487 (Tex. App.—Dallas 2000, no pet.) ("the pendency of a probate proceeding is a requisite for a court's exercise of jurisdiction over matters related to it"); *Garza v. Rodriguez*, 18 S.W.3d 694, 698 (Tex. App.—San Antonio 2000, no pet.) ("before a matter can be regarded as incident to an estate ... a probate proceeding must actually be pending").

The record reflects that the trial court granted David's summary judgment motion on June 29, 2012. On July 11, 2012, David filed a Notice of Filing of Closing Affidavit and Closing Affidavit pursuant to Probate Code section 151.[3] On August 10, 2012, John filed an Objection to Closing Affidavit, which was overruled by written order on September 4, 2012.

Probate Code section 151 provides, in relevant part, as follows:

**§ 151. Closing Independent Administration by Closing Report or Notice of Closing Report.**

---

[3] We note that section 151 of the Probate Code has been repealed and recodified, effective January 1, 2014, as section 405.004 of the Estates Code. *See* TEX. ESTATES CODE ANN. § 405.004 (West 2013).

5

(a) Filing of Closing Report or Notice of Closing Estate. When all of the debts known to exist against the estate have been paid, or when they have been paid so far as the assets in the hands of the independent executor permit, when there is no pending litigation, and when the independent executor has distributed to the persons entitled thereto all assets of the estate, if any, remaining after payment of debts, the independent executor may file with the court a closing report or a notice of closing of the estate.

. . . .

(c) Effect of Filing Closing Report or Notice of Closing Estate. (1) The *independent administration of an estate is considered closed 30 days after the date of the filing of a closing report* or notice of closing estate *unless* an interested person files an objection with the court within that time. If *an interested person files an objection within the 30-day period,* the independent administration of the estate is closed when the objection has been disposed of or the court signs an order closing the estate.

TEX. PROB. CODE ANN. § 151(a), (c) (West Supp. 2013) (emphasis added).[4]

David argues that the estate is closed and that because John did not appeal the closing, the trial court lost jurisdiction over the estate and John's appeal is now moot. John argues that David could not unilaterally close the estate under section 151 because there was pending litigation at the time David filed his closing affidavit. Specifically, John contends that although the trial court had already signed a final order granting summary judgment to David, denying his original

---

[4] The amendment in section 151(c) (formerly section 151(b)) applies to closing reports or notices of closing estate filed on or after the effective date of the Act (i.e., September 1, 2011). *See* Act of September 1, 2011, 82nd Leg., R.S., ch. 1338, § 1.26, 2011 Tex. Gen. Laws 3882, 3898. David's closing affidavit was filed on July 11, 2012.

6

petition, and dismissing his amended petition as untimely, the trial court retained plenary power to change its judgment at the time David filed his closing affidavit. Further, as John points out, his notice of appeal was timely filed and, therefore, as litigation was still pending when John filed his closing affidavit, the estate did not close.

Probate Code section 151 addresses both when an independent executor may file a closing report with the court to terminate administration of an estate, and the effect of such a filing. *See* TEX. PROB. CODE ANN. § 151.[5] Subsection (a) provides that an independent executor may file a closing report when the debts of the estate have been paid (or paid to the extent possible), there is no pending litigation, and the independent executor has distributed any remaining assets to those entitled to receive them. *See id.* at § 151(a). Section 151(c) addresses the *effect* of such a filing, *see id.* at § 151(c), and specifically provides that an estate "is considered closed 30 days after the date of the filing of a closing report . . . unless an interested person files an objection with the court within that time." *Id.* If an objection is filed within the thirty-day period, "the estate is closed when the objection has been disposed of . . . ." *Id.* Here, while John filed an objection to the

---

[5]     We note that section 151(a) is not mandatory ("the independent executor *may* file with the court a closing report or a notice of closing of the estate . . . .") (emphasis added) and that there are other actions which may effectively close an estate. *See In re Estate of Teinert*, 251 S.W.3d 66, 67 (Tex. App.—Waco 2008, pet. denied) (noting that final distribution of estate's assets after all debts and claims against estate are paid results in closing of estate). *See id.* at 67 (citation omitted).

7

closing affidavit within the thirty-day period, the trial court overruled his objection on September 4, 2012. Thus, notwithstanding whether David should have filed a closing affidavit under subsection (a), the language of subsection (c) makes clear that doing so closed the estate when the court disposed of John's objection.

Further, we note that John's argument that litigation was pending when the closing affidavit was filed, thus precluding the closure, was not preserved for our review. Although his objection to the closing affidavit alleged that litigation was still pending and the filing of a closing affidavit under section 151 was, therefore, improper, he never appealed the closing of the estate to this court. John's notice of appeal states that he is appealing

> from the final judgment, and from the overruling of his post-trial motion, in Cause No. 09-CPR-021945-A, *The Estate of Joseph G. Lawton, Deceased v. David W. Lawton, Individually, and As Independent Executor of the Estate of Joseph G. Lawton, Deceased and As Former Agent for Joseph G. Lawton Under A Power of Attorney*, in the County Court at Law No. One (1) of Fort Bend County, Texas. The trial court signed a Final Judgment on June 29, 2012, (Order Denying John Lawton's Petition and Granting Executor's Motion for Summary Judgment)."

Neither John's notice nor his appellate brief speak to an appeal of the estate's closing or the overruling of his objection to the closing affidavit.[6] As such, the issue of whether the filing of the closing affidavit was proper is not before us.

---

[6]  Further, the administration of the estate—including the closing affidavit, John's objection, and the order overruling John's objection—is Cause No. 09-CPR-021945.

8

Having concluded that the estate is closed, we consider which of John's claims, if any, survive on appeal. John's first issue concerns the trial court's denial of his motion to remove David as executor. In *In re Estate of Hanau*, 806 S.W.2d 900 (Tex. App.—Corpus Christi 1991, writ denied), the court of appeals noted that the "trial court has power to hear all matters incident to an estate only in those instances where a probate proceeding, such as the administration of an estate, is actually pending in the court in which the suit is filed, relating to a matter incident to that estate." *Id.* at 904. The court concluded that once the estate had closed, the trial court lost jurisdiction to remove the executrix and appoint a successor independent executor, and that these issues had become moot. *See id.* Thus, under *Hanau*, John's issue concerning the removal of David as executor of the estate under Probate Code section 149C(a) is moot. Moreover, John concedes that if the estate is closed, his claim seeking to remove David as executor is moot.

John's second issue challenges the trial court's denial of his claim for attorney's fees. In his original petition, John sought attorney's fees under Probate Code section 149C(d), which recites that "[c]osts and expenses incurred by the party seeking removal incident to removal of an independent executor . . . including reasonable attorney's fees and expenses, may be paid out of the estate." TEX. PROB. CODE ANN. § 149C(d) (West 2013). However, because we concluded that John's claim for removal of David as executor was rendered moot by the

9

closing of the estate, it follows that his claim for recovery of attorney's fees incident to removal is likewise moot. *See id.*

Further, John's reliance on *Allstate Insurance Co. v. Hallman*, 159 S.W.3d 640 (Tex. 2005) is misplaced.[7] In addition to the fact that *Hallman* did not involve a probate case or a claim for attorney's fees under section 149C, the trial court in that case retained jurisdiction over the matter giving rise to the attorney's fees claim. *See id.* at 642. Here, in contrast, the closure of the estate deprived the trial court of jurisdiction over the estate. Thus, we conclude that John's claim for attorney's fees incurred under Probate Code section 149C(d) is moot.

---

[7] In *Hallman*, neighboring property owners sued Hallman for damages related to limestone mining on her property. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 641 (Tex. 2005). Hallman sought coverage under her homeowners' insurance policy with Allstate Insurance Company, requesting that Allstate defend and indemnify her in the lawsuit. *See id.* Allstate and Hallman both sought a declaratory judgment to determine whether the policy covered the underlying litigation. *See id.* The trial court granted summary judgment in Allstate's favor but the court of appeals reversed the trial court's judgment and remanded for further proceedings, holding that Allstate had a duty to defend and indemnify Hallman in the limestone mining litigation. *See Hallman v. Allstate Ins. Co.*, 114 S.W.3d 656 (Tex. App.—Dallas 2003), *rev'd*, 159 S.W.3d 640 (Tex. 2005).

While the declaratory judgment action was on appeal to the Texas Supreme Court, the underlying lawsuit between Hallman and her neighbors concluded with a jury verdict in Hallman's favor. *See Hallman*, 159 S.W.3d at 642. In considering whether resolution of the underlying litigation mooted the case, the Court concluded that Hallman's remaining interest in obtaining attorney's fees for expenses incurred in defending against Allstate's declaratory judgment action and in pursuing her own declaratory relief prevented the case from being moot. *See id.* at 643. The Court ultimately reversed and rendered judgment for Allstate, concluding that damages to third parties caused by commercial limestone mining conducted on an insured's property fell within the policy's business pursuits exclusion. *See id.* at 641.

10

John's third issue concerns his request for an accounting under Probate Code section 149B for the time period during which David held power of attorney for the estate. As a beneficiary, John contends that he could assert this right on behalf of the estate because David refused to do so. But because John's authority to request such an accounting derives from his relationship to the estate as a beneficiary, once closed, the estate ceases as an entity, as does any authority John had derivative from or on behalf of the estate.

Nevertheless, John contends that the estate need not be open for him to pursue his request for a power of attorney accounting because section 151 provides that David can still be held liable for any wrongdoing revealed by the accounting. *See* TEX. PROB. CODE ANN. § 151(c)(2) (stating that closing of estate "shall not relieve the independent executor from liability for any mismanagement of the estate or from liability for any false statements contained in the report or notice."). In his appellate brief, John states that he "seeks an accounting of David's power of attorney as part of a *potential* breach of fiduciary duty claim by the estate against David" (emphasis added). We agree that under section 151(c)(2) the closing of the estate does not foreclose John from potentially pursuing a breach of fiduciary duty claim against David that alleges mismanagement of the estate. However, as discussed above, because John seeks a power of attorney accounting through the

11

estate and the estate is closed, such a request made pursuant to section 149B is moot.

## Conclusion

Having concluded that John's claims asserted in his original petition are moot, we vacate the portion of the trial court's order granting David summary judgment on John's claims asserted in his original petition and we dismiss John's original petition.

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

12

243



# MANDATE

## Court of Appeals

## First District of Texas

NO. 01-12-00932-CV

JOHN LAWTON, Appellant

V.

DAVID W. LAWTON, INDIVIDUALLY, AS INDEPENDENT EXECUTOR OF THE
ESTATE OF JOSEPH G. LAWTON, DECEASED, AND AS FORMER AGENT FOR
JOSEPH G. LAWTON UNDER A POWER OF ATTORNEY, Appellee

Appeal from the County Court at Law No. 1 of Fort Bend County. (Tr. Ct. No.
09-CPR-021945A).

**TO THE COUNTY COURT AT LAW NO. 1 OF FORT BEND COUNTY,
GREETINGS:**

Before this Court, on the 10th day of July 2014, the case upon appeal to revise or to
reverse your judgment was determined. This Court made its order in these words:

> This Court today considered a motion for rehearing
> filed by appellee, David W. Lawton, individually, as
> independent executor of the estate of Joseph G. Lawton,
> deceased, and as former agent for Joseph G. Lawton under a
> power of attorney. The motion for rehearing is **denied**.
> Nevertheless, we order that the Court's former judgment of
> March 6, 2014, be vacated, set aside, and annulled. We
> further order this Court's opinion of March 6, 2014,
> withdrawn.



EXHIBIT
18

This case is an appeal from the order signed by the trial court on June 29, 2012. After submitting the case on the appellate record and the arguments properly raised by the parties, the Court holds that appellant's claims asserted in his original petition are moot. Accordingly, the Court **vacates** the portion of the trial court's order granting summary judgment to appellee on appellant's claims asserted in his original petition and **dismisses** appellant's original petition.

The Court **orders** that appellant, John Lawton, pay all appellate costs.

The Court **orders** that this decision be certified below for observance.

Judgment rendered July 10, 2014.

Panel consists of Justices Jennings, Higley, and Sharp. Opinion delivered by Justice Sharp.

**WHEREFORE, WE COMMAND YOU** to observe the order of our said Court in this behalf and in all things to have it duly recognized, obeyed, and executed.

September 19, 2014

_____
Date

_____
CHRISTOPHER A. PRINE
CLERK OF THE COURT

